UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TIMOTHY MONZERT, STEVEN GASSERT,
and WAYNE PINSENT,

          Plaintiffs,

    -against-

UNITED SECRUTIY, INC., and SAUL M. ROOND
in his official capacity and individual capacity,

          Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 14-3274

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    JUN 21 2016    ★

LONG ISLAND OFFICE

APPEARANCES:

LAW OFFICE OF STEVEN A. MORELLI, P.C.
By:    Steven A. Morelli, Esq.
        Mindy Kallus, Esq.
990 Stewart Avenue
Garden City, NY 11530
Attorneys for Plaintiffs

COLES, BALDWIN & KAISER, LLP
By:    John B. Kaiser, Esq.
1 Eliot Place, Third Floor
Fairfield, CT 06824
Attorneys for Defendant United Security, Inc.

WEXLER, District Judge:

      Before the Court is the motion of Defendant United Security, Inc. ("USI" or "Defendant") to dismiss the complaint of plaintiffs Timothy Monzert, Steven Gassert and Wayne Pinsent ("Plaintiffs"). Plaintiffs' complaint alleges three claims: the first two are styled as <u>Bivens</u> claims against defendant Saul M. Roond ("Roond") for First Amendment Retaliation and equal protections violations; the third claim is against the moving defendant, USI for breach of contract.

      Plaintiffs were employees of Defendant USI, which, according to the complaint, provided

security services to the United States Government. The gravamen of Plaintiffs' claims is that Roond, who was the Area Commander for the Federal Protective Service, which received the security services provided by USI, violated Plaintiffs' constitutional rights under the First and Fourteenth Amendments, and USI breached its contract with Plaintiffs by violating terms of the employee handbook, which Plaintiffs allege constituted a contract.

It is undisputed that Defendant Roond has not appeared in this case.[1] Defendant USI moves to dismiss pursuant to the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 12(b)(1), arguing that since the federal claims against Defendant Roond will not be adjudicated since he has not appeared, there is no basis for federal jurisdiction, and the Court should decline to exercise supplement jurisdiction over the state claim (for breach of contract) that has been lodged against USI. In the alternative, USI argues the breach of contract claim should be dismissed under Rule 12 (b)(6), since there is no basis for Plaintiffs (employees) to assert a breach of contract against USI since there is no contractual relationship between them, either under law since Plaintiffs were "at-will" employees, or because the terms in the employee handbook do not create a contract.

The Court agrees with Defendant USI that continuing federal jurisdiction here is improper. Since Defendant Roond has not appeared in this case and the only federal claims[2] are expressly alleged against him alone, there are no federal claims for this Court to adjudicate, and

---

[1] The Court finds it unnecessary to take a position on whether Roond was properly served, since there is no dispute he has not appeared, and indeed Plaintiffs raise the prospect of seeking a default against him in their opposition papers. See Plaintiffs' Memorandum in Opposition ("Pl. Mem."), at 8.

[2] Plaintiff appears to argue in their opposition papers that they also allege a conspiracy claim against USI (see Pl. Mem., at 7), but that claim is not pled in the complaint.

the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over the state law claim that continues against Defendant USI. It is clear to this Court that the state law claim, as the only remaining claim, clearly "predominates" over the federal claim that will not be adjudicated. See 28 U.S.C. § 1367(c)(2). Therefore, Defendant USI's motion to dismiss is granted, without prejudice.[3]

## CONCLUSION

For the reasons stated above, Defendant USI's motion to dismiss is granted, without prejudice.

SO ORDERED.

                         s/ Leonard D. Wexler
                         LEONARD D. WEXLER
                         UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        June 21 2016

---

[3] Since the Court declines to exercise supplemental jurisdiction, it declines to comment or rule on the merits of Defendant's argument that Plaintiffs have failed to state a breach of contract claim.