FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 17 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TIMOTHY MONZERT, STEVEN GASSERT,
and WAYNE PINSENT,

                          Plaintiffs,

    -against-

SAUL M. ROOND, in his official and
individual capacity,

                         Defendant.
------------------------------------------------------------X

MEMORANDUM AND ORDER

14-cv-3274
(Wexler, J.)

APPEARANCES:

    JONATHAN A. TAND & ASSOCIATES, P.C.
    BY: Gary R. Novins, ESQ. and Jonathan A. Tand, ESQ.
    Attorney for Plaintiffs
    990 Stewart Avenue, Suite 225
    Garden City, New York 11530

    Saul M. Roond, Defendant Pro Se
    120 Granny Road
    Farmingville, New York 11738

WEXLER, District Judge:

    Plaintiffs filed their complaint in this 42 U.S.C. §1983 action alleging violations of their constitutional rights of free speech and equal protection by defendant Saul M. Roond ("Roond"). Roond, formerly a Commander of the Federal Protective Service ("FPS"), is named in both his official and individual capacity as a federal officer pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S. Ct. 1999 (1971). A state law breach of contract claim asserted against defendant United Security, Inc. ("USI") was dismissed without prejudice by Order dated June 21, 2016. Currently before the Court is Plaintiffs' request for permission of an extension of time to serve the United States. For the reasons set forth below, that request is denied and the case is dismissed without prejudice.

## I. BACKGROUND

The complaint was filed on May 23, 2014. At the time this action was commenced, Rule 4(m) of the Federal Rules of Civil Procedure required service on a defendant within 120 days after the complaint is filed, in this case by September 22, 2014. After several failed attempts at personal service, plaintiffs completed "nail and mail" service on Roond on September 22, 2014. As Roond was sued in his individual capacity for acts occurring in connection with his duties as an employee of the United States, service upon the government was also required. FED. R. CIV. P. 4(i)(3). It is undisputed that plaintiffs never attempted to serve or completed service upon the United States.

From the dates of service upon USI and Roond in 2014 until mid-2016, the activity in this litigation solely concerned USI's motions to dismiss. Despite his failure to answer, plaintiffs did not seek entry of a default against Roond.

On June 21, 2016, USI's motion to dismiss was granted. Another six weeks passed with no action taken by plaintiffs to prosecute their case against Roond. After the Court directed submission of a status report, plaintiffs responded that they "intend[ed]" to "enter judgment" against Roond. Ltr. of 8/5/16, DE [37].

On August 18, 2016, this Court held a status conference. Plaintiffs again represented that they intended to move for a default judgment. On September 6, 2016, nearly two years after completing service upon Roond, plaintiffs finally requested a certificate of default against him. They provided various affidavits supporting their belief that Roond had been properly served. Roond contested this request, arguing *inter alia* that plaintiffs had failed to also serve the United States as required by Rule 4(i)(3) of the Federal Rules of Civil Procedure. Plaintiffs did not address the issue of service upon the United States in their opposition to Roond's motion, nor did they seek permission from the Court to make such service.

By Order dated December 6, 2016, this Court ruled that while service upon Roond was sufficient, the plaintiffs' failure to serve the United States as required warranted denial of the issuance of a certificate of default. *See* Order, DE [45]. The Court further noted that the time limit for service had long since passed, and scheduled a conference to "allow plaintiffs an opportunity to seek an extension of the time to serve upon a showing of good cause." *Id.* Plaintiffs were further warned that failure to establish good cause would result in dismissal of the case. The parties appeared as directed on December 22, 2016, oral argument on plaintiffs' request for additional time to serve the United States was heard, and the Court reserved decision. Plaintiffs and Roond have submitted post-argument letters.

## II. DISCUSSION

Pursuant to Rule 4(m), the Court must dismiss an untimely served complaint, but must extend the time for service "if the plaintiff shows good cause for the failure" to timely serve. FED. R. CIV. P. 4(m). Plaintiffs base their request for more time not on Rule 4(m), but rather on Rule 4 (i)(4)(B), which provides that "[t]he court must allow a party a reasonable time to cure its failure to . . . serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." Plaintiffs argue that the validity of service upon Roond was not "placed in issue" until Roond made his motion on September 13, 2016, and the Court did not find service upon Roond sufficient until the Order dated December 6, 2016. Thus, plaintiffs suggest, their obligation to either serve the United States or to request an extension of time to effect such service did not arise until December 6, 2016.

Any suggestion that plaintiffs' obligation to serve the United States did not arise until service upon Roond was completed is not supported by a plain reading of the Rule. Rule 4(i) states that a plaintiff "must serve the United States and also serve the officer or employee," FED. R. CIV. P. 4(i)(3), but does not set forth a required sequence of service. Thus, plaintiffs'

obligation to timely serve the United States arose with the filing of the complaint and was not affected by the timing of service upon Roond.

As to the timing of a request for an extension of their time to serve the United States under Rule 4(i)(4)(B), plaintiffs argue that they "would only be able to request an extension of time under Federal Rule 4 (i)(4)(B) if the Court determined that Roond had in fact been individually served." DE [48]. Plaintiffs' rather convoluted argument seems to be that service was not "complete" upon Roond until the Court issued its ruling on December 6, 2016 finding that service sufficient, and that they are entitled to a "reasonable time to cure" as of that date. The Court finds no basis for such an interpretation in the Rules, and no formal Court ruling on the sufficiency of service is required before an individual defendant is deemed to have been served. Indeed, plaintiffs clearly believed they had completed service upon Roond in September 2014, and on that basis commenced default proceedings against him. Their default papers included affidavits and statements representing their belief that service upon Roond was valid.

Plaintiffs also assert that their first notice on any challenge to Roond's service came by way of his motion in September 2016. This assertion is unsupported by the record. At a minimum, plaintiffs were put on notice of their failure to complete service not once, but twice, by counsel for USI. By letter docketed on June 21, 2015, counsel for USI expressly questioned the sufficiency of service upon Roond individually. Moreover, USI's counsel specifically stated that in addition to service upon Roond, plaintiffs "must serve the United States" and that "there is no return of service or suggestion that the United States was served." *See* DE [25]. USI's memorandum of law in support of its second motion to dismiss, originally docketed on October 21, 2015, also clearly noted that service upon Roond was not complete because the United States had not been served. Mem. at 11, DE [30-2]. Thus, plaintiffs were on notice as early as June

2015 that Roond's service could be challenged and that service upon the United States was necessary.

Plaintiffs have offered no good cause for an extension of their time to complete service in this case. Rule 4(i) is plain, and plaintiffs' counsel have offered no reason why they were unaware of its requirements throughout this litigation. As the Rule 4(m) time period had run on September 22, 2014, the date Roond was finally served, a request for an extension of time to serve the United States under Rule 4(i)(4)(B) would have been appropriate in the days or weeks immediately following and a "reasonable time to cure" may have been warranted. Now, where over two years have passed and plaintiffs knew, or should have known, at several interim points that service upon the United States had yet to be completed, plaintiffs are not entitled to additional time to cure.

Finally, the Court notes that the situation here is entirely of plaintiffs' own making given their complete failure to litigate their case against Roond. From the completion of service in September 2014 until the Court directed them to proceed in August 2016, plaintiffs took no steps to further their case. "Rule 4(i), by its plain text, requires service both upon the individual defendant and upon the United States officially; one will not suffice for the other." *Kurzberg v. Ashcroft*, 619 F.3d 176, 182 (2d Cir. 2010) (quoting *Kurzberg v. Ashcroft*, No. 04 Civ. 3950, 2006 WL 2738991, at *5 (E.D.N.Y. Sept. 25, 2006)). As plaintiffs have failed to serve the United States and have further failed to establish good cause for a further extension of time to serve, the case must be dismissed.[1]

---

[1] While the Court may, in its discretion, grant an extension under Rule 4(m) in the absence of good cause, *see Zapata v. City of New York*, 503 F.3d 192, 193 (2d Cir. 2007), it declines to do so here where plaintiffs have provided no colorable basis for the relief sought.

5

## III. CONCLUSION

For all the above reasons, the Court finds that plaintiffs have not established good cause for their failure to serve the United States or for an extension of time to complete such service. Accordingly, the matter is dismissed without prejudice.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
January 17, 2017